**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RYAN ENLOW, an Individual, | |
| Plaintiff, | **CASE NO.:** |
| vs. | **COMPLAINT AND JURY DEMAND** |
| STATE OF NEVADA ex rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCTION ON BEHALF OF THE UNIVERSITY OF NEVADA, LAS VEGAS, DOE INDIVIDUALS I –X, ROE CORPORATIONS I-X, | |
| Defendant. | |

The Plaintiff Ryan Enlow ("Enlow") by and through his attorney, Jenny L. Foley, Ph.D., Esq. and Marta Kurshumova, Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

## JURISDICTION

1.      This is an action for damages brought by Plaintiff for wrongful/retaliatory discharge in violation of public policy, unlawful workplace discrimination based on race, color, age, disability and/or national origin and for illegal retaliation under Title VII of the Civil Rights

Page **1** of **13**

Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("**ADA**"), U.S.C. § 12101, *et seq.*; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.    This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment).  Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3.    All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.    On or about June 3, 2019, Plaintiff initiated the process of filing a Charge of Discrimination against his former employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on disability and retaliation.

5.    On or about June 5, 2019, Plaintiff received his Notice of Right to Sue from the EEOC.

6.    This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7.    Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

/ / /

/ / /

**PARTIES**

8.      Plaintiff is a citizen of the State of Nevada and a resident of Clark County, Nevada.

9.      At all relevant times, Defendant State of Nevada ex. Rel. Board of Regents of the Nevada System of Higher Education on Behalf of the University of Nevada ("**UNLV**") operates in Clark County Nevada as an institution of higher education.

10.      Doe Defendants I through X inclusive and Roe Corporation Defendants A through Z inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges however that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known.  At such time, Plaintiff will seek leave of court to sate more fully herein the names and acts of said Defendants.

**GENERAL ALLEGATIONS**

11.      Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

12.      Mr. Enlow began his career at UNLV as a lecturer in 2010.

13.      Since then, he has been an excellent employee and an asset to the University.

14.      Mr. Enlow suffers from social anxiety, a physical and/or mental impairment which significantly limits one or more of his major life activities.

15.      Mr. Enlow is disabled for purposes of the Americans with Disabilities Act.

16.      During the review process for Mr. Enlow for the 2016 school year, Mr. Enlow objected to some of the ratings provided to him in his review.

17.      He presented these objections via the University's faculty grievance process.

18.      In particular, the review committee gave him a "satisfactory" rating relative to his service component.

19. Mr. Enlow took umbrage with this assessment.

20. In response to Mr. Enlow's grievance, the wording of his review was changed in his favor.

21. However, thereafter, he began receiving strange looks and reactions from the Graduate Assistants and some of his students.

22. He expressed to Dr. Kim Charron that he was uncomfortable with the strange looks he was receiving.

23. Her response was to call him "paranoid" and "defensive," both terms indicating that she knew Mr. Enlow suffered from a disability.

24. Mr. Enlow later discovered that Tommy Moores, Danny Sisciliano, and Tammy Perri invited various Graduate Assistants and students to comment on Mr. Enlow's performance and then used that information directly in his review.

25. This is a blatant, intentional and particularly egregious violation of the faculty bylaws and review process.

26. To Mr. Enlow's knowledge, no other faculty member has had student or graduate assistant input into their faculty review.

27. Unfortunately, in or around May 2018, shortly after a colleague suicided, Mr. Enlow experienced increasing levels of anxiety and depression.

28. Thereafter, around the end of the Spring Semester, 2018 Mr. Enlow had a meeting with Dr. Cornell.

29. Mr. Enlow disclosed to Dr. Cornell that he has been diagnosed with anxiety and depression.

30.     During the same meeting, Mr. Enlow disclosed to Dr. Cornell that he had been diagnosed with anxiety and depression.

31.     In response to Mr. Enlow's disclosure, Dr. Cornell went on a 15 plus minute diatribe about how he suffers from undiagnosed depression and used "No-Doz" to "muscle through."

32.     During the diatribe, Dr. Cornell stated that he "can spot depression just by looking at people."

33.     In the same bizarre outburst, Dr. Cornell asserted that the colleague who recently killed himself had been "mis-diagnosed" by his doctor *and* prescribed too much Adderal.

34.     Dr. Cornell went on to mention that Robyn Raschke and at least one other person in the department suffered from depression.

35.     Dr. Cornell asserted that Mr. Moores continued to complain that Mr. Enlow did not 'contribute' enough, and that his office door was open or closed inappropriately.

36.     Mr. Enlow found this surprising as the reviewing faculty are not supposed to discuss job performance or review comments or the review process with anyone other than a particular faculty's other reviewers.

37.     Mr. Enlow completed a summer session and was on break from roughly July 4, 2018 to the start of the fall 2018 Semester.

38.     Dr. Cornell and Mr. Enlow continued to discuss Mr. Enlow's emotional state throughout the summer via text and email.

39.     Dr. Cornell was kept abreast of the fact that Mr. Enlow continued to suffer increased levels anxiety and depression.

40. On or about August 15, 2018 Mr. Enlow made an appointment to meet with Dr. Cornell.

41. Dr. Cornell informed Mr. Enlow that he sent an email on or around August 7, 2018 putting Mr. Enlow on notice that if his job performance did not improve, UNLV would not renew Mr. Enlow's contract.

42. Mr. Enlow complained to Human Resources ("**HR**") about these issues in August 2018.

43. Thereafter, Mr. Enlow went to PCH, a residential treatment facility, where he was diagnosed with social anxiety and major depressive disorder, for intensive treatment from September 15, 2018 to November 15, 2018.

44. Per the advice of his doctors, Mr. Enlow planned, with the University's full knowledge and consent, to return to work on April 1, 2019.

45. Despite reaching out to the EEOC and HR for months prior to the April 1, 2019 meeting, Mr. Enlow was unable to meet with anyone or have a discussion with anyone about what his return to work would look like and what accommodations would be made.

46. For months, it was unclear if Mr. Enlow would be returning to work despite the April 1, 2019 return-to-work date set by his doctors.

47. Finally, on April 1, 2019, Mr. Enlow was granted a face-to-face meeting with the EEOC and HR. During that meeting, the EEOC and HR advised Mr. Enlow that he would have to obtain medical clearance from their approved doctor before returning to work was a possibility.

48. On May 15, 2019, Mr. Enlow was notified via e-mail that he would need to submit to a psychological evaluation prior to his return.

49.    UNLV continued to stigmatize and humiliate Mr. Enlow for having a disability and in retaliation for complaining about disability discrimination.

50.    In response to a comment he made regarding some intrusive thoughts he had IN THE PAST, which he no longer had, AND HAD BEEN FULLY CLEARED FOR DUTY BY MENTAL HEALTH PROFESSIONALS, UNLV thought it prudent to call the police and trespass him from the school.

51.    An entire platoon of police personnel descended on Mr. Enlow's residence, treating his wife and very young children to the sight of armed police interrogating Mr. Enlow and his wife.

52.    The contingent of law enforcement included two Las Vegas Metro Detectives, three uniformed officers from LVMPD, and two UNLV police officers.

53.    Thankfully, neither dogs nor air support was deployed.

54.    That this occurred on April Fools' day did not go unnoticed by Mr. Enlow or his family.

55.    The police determined, quite rightly, that Mr. Enlow posed absolutely no threat and that the call to them was unfounded.

56.    On or about June 3, 2019 Mr. Enlow filed a charge of discrimination with the EEOC alleging discrimination on the basis of disability and retaliation.

57.    On or about June 25, 2019 Mr. Enlow was notified that his contract would not be renewed, which is tantamount to a termination.

58.    Upon information and belief, UNLV discriminated against Mr. Enlow because of his disability.

59.     Upon information and belief, UNLV retaliated against Mr. Enlow for complaining of disability discrimination.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Disability in Violation of State and Federal Statutes)**

60.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

61.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability.

62.     Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with reasonable accommodations for his disability.

63.     Defendant refused to take reasonably adequate steps to prevent disability discrimination against Plaintiff by knowingly failing to accommodate Plaintiff, by harassing Plaintiff because of his disability and by submitting Plaintiff to harassment for requesting disability accommodations.

64.     Dr. Cornell subjected Plaintiff to discriminating behavior by indicating to Mr. Enlow that he could "spot" depression, that he was better than Plaintiff because he could "muscle through" his own depression with "No-Doz", by indicating that a recently deceased colleague had been mis-diagnosed and other discriminatory comments related to Mr. Enlow's disability.

65.     No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

66.     Plaintiff suffered adverse economic impact due to his termination.

67.	Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

68.	Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, fatigue, anxiety and depression resulting from this unlawful discrimination by his employer.

69.	Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

70.	Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

71.	Plaintiff suffered damages in an amount deemed sufficient by the jury.

72.	Plaintiff is entitled to an award of reasonable attorney's fees.

73.	Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his sex and disability.

74.	Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

75.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

76.    In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

77.    In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

78.    There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

79.    The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

80.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

81.    Plaintiff is entitled to an award of reasonable attorney's fees.

82.    Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because he complained of discrimination.

83.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**
**(Violation of the Americans with Disabilities Act)**

84. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

85. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

86. Because Plaintiff's disability limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

87. Plaintiff was fully qualified to be a lecturer and could perform the essential functions of the position.

88. Defendant is a covered employer to which the ADA applies.

89. Defendant discriminated against Plaintiff's employment because of his disability as described above.

90. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

91. The actions and conduct by Defendant constitute illegal discrimination which is prohibited by the Americans with Disabilities Act.

92. Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

93. Plaintiff is entitled to an award of reasonable attorney's fees.

94. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally discriminated against Plaintiff in violation of the law.

95.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount to be deemed sufficient by the jury.

**FOURTH CAUSE OF ACTION**
**(Intentional/Negligent Infliction of Emotional Distress)**

96.     Plaintiff hereby re-pleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above as though fully set forth herein.

97.     Defendant's conduct toward Plaintiff was extreme and outrageous and beyond all possible bounds of decency and intolerable in a civilized community.

98.     Defendant intended to cause, or recklessly disregarded the potential for, severe emotional distress.

99.     Defendant had a duty to provide Plaintiff a workplace free of retaliation for engaging in lawfully protected activities.

100.    Defendant failed to do so, such that it required Plaintiff to seek mental health treatment to cope with the emotional trauma inflicted on him in his workplace as described above.

101.    Defendant intentionally or negligently caused Plaintiff emotional distress by firing him for engaging in legally protected behaviors and by subjecting him to a hostile work environment in retaliation for the same.

102.    Plaintiff is entitled to damages in an undetermined amount exceeding $15,000.00 because of the severe emotional distress inflicted on Plaintiff.

103.    Plaintiff had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

/ / /

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

and to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Nevada and Federal law;

    c. Back pay with interest;

    d. An equal amount as liquidated damages;

    e. An award of compensatory and punitive damages to be determined at trial;

    f. An award of attorney's fees and costs; and

    g. Any other relief the court deems just and proper.

Dated: August 30, 2019.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: /s/ *Jenny L. Foley*
JENNY L. FOLEY, PHD., ESQ.
Nevada Bar No. 9017
MARTA D. KURSHUMOVA
Nevada Bar No. 14728
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
*Attorneys for Plaintiffs*