ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
JANET L. MERRILL
Assistant General Counsel
Nevada Bar No. 10736
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
elda.sidhu@unlv.edu
janet.merrill@unlv.edu
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RYAN ENLOW,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA *ex rel.* BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF UNIVERSITY OF NEVADA, LAS VEGAS, DOE INDIVIDUALS I-X, ROE CORPORATIONS I-X.<br><br>            Defendant. | CASE NO.: 2:19-cv-01517-KJD-BNW<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant, the State of Nevada *ex rel.* Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("**Defendant**" or "**UNLV**") by and through counsel, Janet L. Merrill, Esq., Assistant General Counsel, University of Nevada, Las Vegas, Office of General Counsel, hereby files its Motion to Dismiss Plaintiff's Complaint ("**Complaint**").

///

///

///

This Motion is made based upon Fed. R. Civ. P. 12(b)(6), the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument to be made at the hearing on this matter.

DATED: September 25, 2019.

/s/ Janet L. Merrill
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
JANET L. MERRILL
Assistant General Counsel
Nevada Bar No. 10736
University of Nevada, Las Vegas
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL ALLEGATIONS

On or about August 30, 2019, Plaintiff filed a Complaint in this Court asserting three different causes of action:

1. First Cause of Action, Discrimination Based on Disability in Violation of State and Federal Statutes;
2. Retaliation under Federal Law, 42 USC §2000e-3 and State Law, NRS 613.340;
3. Violation of the Americans with Disabilities Act.

*See* ECF No. 1, Complaint.   In other words, Plaintiff's entire case is based on an alleged disability. However, Plaintiff fails to provide pertinent and obligatory factual allegations about his alleged disability.

///

///

In an introductory allegation, Plaintiff claims his action is based on "race, color, age, disability **and/or** national origin and for illegal retaliation…," seemingly including any and all forms of discrimination. *See* Complaint, at ¶1 (emphasis added). Plaintiff alleges (without specificity) "Mr. Enlow suffers from social anxiety, a physical **and/or** mental impairment which significantly limits one or more of his major life activities." *Id*., at ¶14 (emphasis added). Another allegation is entirely conclusory: "Mr. Enlow is disabled for purposes of the American with Disabilities Act." *Id*., at ¶15. Plaintiff alleges "UNLV continued to stigmatize and humiliate Mr. Enlow for having a disability…." *Id*., at ¶ 49.

Plaintiff further alleges:

> On or about June 3, 2019, Mr. Enlow filed a charge of discrimination with the EEOC alleging discrimination on the basis of disability and retaliation." *Id*., at ¶ 56.
>
> Upon information and belief, UNLV discriminated against Mr. Enlow because of his disability. *Id*., at ¶ 58.
>
> Upon information and belief, against Mr. Enlow for complaining of disability discrimination. *Id*., at ¶ 59.
>
> Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability. *Id*., at ¶ 61.
>
> Because Plaintiffs disability limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA. *Id*., at ¶ 86.

*See* ECF No. 1, at various ¶¶ (as cited above).

Plaintiff's allegations are void of the requisite factual information necessary to sustain federal or Nevada litigation based on an alleged disability. The "disability" allegations are non-descript and compound (*i.e.* and/or), citing to a set of possibilities without specification. Most notably, there are no factual allegations about which major life activity is limited by Plaintiff's unspecified disability.

## II.

## **LEGAL ARGUMENT**

**A.  Standard of Review for Motion to Dismiss Under** Fed. R. Civ. P 12(b)(6)

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *N. Star Int. v. Ariz. Corp. Comm'n*., 720 F.2d 578, 580 (9th Cir.

1983) (*citation omitted*); *Cerros v. N. Las Vegas Police Dept.,* 2008 WL 608641, 1 (D. Nev. 2008). "However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint." *Cerros*, 2008 WL 608641 at 1, *citing Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

A plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "'Factual allegations must be enough to raise a right to relief above a speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact).'" *Bell Atlantic Corp.*, 127 U.S. at 1965. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, -- U.S. __, 129 S.Ct. 1937, 1949 (2009). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S.Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Burd v. Bank of N.Y. Mellon*, Case No. 2:13-cv-00705-KJD-NJK; 2013 U.S. Dist. LEXIS 83322, *3, 2013 WL 2896977 (D. Nev. June 12, 2013).

For the reasons set forth below, UNLV respectfully asks this Court to dismiss Plaintiff's Complaint because the allegations are conclusory and without sufficient/specific factual basis.

### B. Plaintiff Fails to Sufficiently Allege a Disability

"In order to state a claim under Title II of the ADA, a plaintiff must allege: (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'" *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing to *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam))

Courts universally recognize that, in asserting a claim for disability discrimination, the plaintiff must be plead his or her disability with specificity. *See Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1135 (N. D. Cal. Sept. 20, 2015) ("Although the Court finds that the Decedent was substantially limited in performing a major life activity, the Court also finds that the SAC fails to sufficiently allege that the Decedent suffered from a qualifying physical or mental impairment as defined by the ADA."); *Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 2015 U.S. Dist. LEXIS 120840, 2015 WL 5262102, at *3 (N.D. Cal. Sept. 9, 2015) ("Courts have held that a plaintiff must allege his disability with specificity to state a claim under the ADA."); *Friedman v. Las Vegas Metro. Police Dep't*, 2014 U.S. Dist. LEXIS 152523, *7, 2014 WL 5472604 (D. Nev. Oct. 24, 2014) ("The Charge of Discrimination goes only slightly further, stating twice that the denial of retirement credentials occurred 'due to [Plaintiff's] disability" without identifying the nature, character, or degree of Plaintiff's impairment. (See Charge of Disc. at 2). Alleging that Plaintiff is disabled in such a conclusory fashion fails to satisfy the requisite standard of plausibility. Therefore, the Court finds that Plaintiff has failed to sufficiently state a claim for ADA discrimination.") (internal citations omitted); *Scott v. Clark County Soc. Servs.*, 2009 U.S. Dist. LEXIS 62601, *11, 2009 WL 1940097 (D. Nev. July 7, 2009) ("In sum, while Michael Scott has shown that he is disabled, his complaint does not sufficiently aver the other elements required for an ADA claim. He does not allege that he was denied benefits, and he does not provide any basis for his legal conclusion that Dannan-Joyner discriminated against him based on his disability. Therefore, Michael Scott has not

1  stated a claim under the ADA that would entitle him to legal relief, and the court will dismiss his
2  ADA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).").
3      Plaintiff fails to provide the required "sufficiency" with factual allegations in support of his
4  alleged disability.  No specifics are provided in the Complaint regarding the nature, character, or
5  degree of Plaintiff's alleged disability or impairment of any major life activity which existed in or
6  around June 2019 when Plaintiff "Enlow was notified that his contract would not be renewed, which
7  is tantamount to a termination." *See* ECF. No. 1, Complaint, at ¶57.  Rather Plaintiff's Complaint
8  simply re-iterates he is disabled or has a disability in a conclusory or compound fashion.  *See*
9  *generally id*.  Any specificity provided in his Complaint relates to allegations in 2018, not 2019. *See*
10 *id.*; *see Lee v. Natomas Unified Sch. Dist.,* 93 F. Supp. 3d 1160, 1169 (E. Cal. 2015) ("Courts have
11 generally held that causation can be inferred from timing alone where the adverse action follows
12 closely on the heels of the protected activity.") (citing to *Clark County Sch. Dist. v. Breeden*, 532
13 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (stating that the temporal proximity
14 must be "very close"); *Alex G. v. Board of Trustees*, 387 F. Supp. 2d 1119, 1128 (E.D. Cal. 2005)).
15     Not only does Plaintiff fail to specify the nature, character, or degree of his disability in
16 relation to the timing of UNLV's alleged adverse action, but Plaintiff also fails to factually allege
17 how or which major life activity was substantially impaired.  Rather Plaintiff merely alleges "which
18 significantly limits <u>one or more</u> of his major life activities" and "<u>at least one</u> of Plaintiffs major life
19 activities." *See* ECF. No. 1, Complaint, at ¶¶ 14 and 86 (underline added).  Notably, a plaintiff's
20 failure (such as here) to allege how his/her disability substantially limits a particular major life
21 activity warrants dismissal. *See e.g. Fee v. Mgmt. & Training Corp.,* 613 Fed. Appx. 654, 654, 2015
22 U.S. App. LEXIS 14712, *1-2, 2015 WL 5008651 (9th Cir. Aug. 21, 2015) (holding that the district
23 court properly dismissed Fee's action because the facts that Fee alleged are conclusory and do not
24 show that her eczema substantially limits her in a major life activity and finding "[t]he second
25 amended complaint did not include allegations of fact that Fee's condition prevents her skin from
26 functioning.")(citing to 42 U.S.C. § 12102(1) (defining "disability"); 29 C.F.R. § 1630.2(i)(1)(ii)
27 (defining "major life activities," to include the "operation of a major bodily function"); *Weaving v.*
28 *City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (a disability is a physical or mental

impairment that substantially limits one or more major life activities of the individual who claims the disability)).

### III.
### **CONCLUSION**

Based on the foregoing, UNLV respectfully requests this Court dismiss Plaintiff's Complaint for failure to allege a disability with the required specificity.

DATED: September 25, 2019.

/s/ Janet L. Merrill
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
JANET L. MERRILL
Assistant General Counsel
Nevada Bar No. 10736
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, September 25, 2019, I served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via the Court's CM/ECF Filing System, to the following:

Jenny Foley, Esq.
HKM EMPLOYMENT ATTORNEYS LLP
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
 jfoley@hkm.com
*Attorneys for Plaintiff*


/s/   Sheena M. Imes
An employee of the Office of General Counsel
University of Nevada, Las Vegas